(88 Misc. Rep. 630)

### NIES v. FANCHER et al.

(Supreme Court, Special Term, Cattaraugus County. January, 1915.)

INSANE PERSONS (§ 51*)—RELEASE ON BOND—COMPLAINT ON BOND.

     Where, in an action on a bond given under Insanity Law (Consol. Laws, c. 27) § 94, providing that, where the superintendent of a state hospital is unwilling to certify to the discharge of an unrecovered patient and so certifies in writing, giving his reasons, the discharge of the patient may be ordered, the complaint alleges that as a condition of the release of the patient a bond was required, but fails to allege that the superintendent certified in writing his unwillingness to discharge the patient, it is demurrable for failure to show a legally required bond, on which plaintiff would have a right to sue, under Code Civ. Proc. § 814, authorizing any person interested to sue on a bond given, as prescribed by law, in the course of a special proceeding, to the people, for the benefit of any person interested.

     [Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 83; Dec. Dig. § 51.*]

Action by Amelia Nies against Albert T. Fancher and another. On demurrer to complaint. Sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Dowd & Quigley, of Salamanca, for plaintiff.
George W. Cole, of Salamanca, for defendants.

BROWN, J. The complaint alleges: That Alice N——, an insane person and an inmate of a state hospital in August 1910, was released from the hospital as insane and not cured. That as a condition of the release of such insane person a bond was required to be executed and delivered to the people of the state of New York. That the defendants executed and delivered such bond unto the state of New York in the sum of $5,000. That "the condition of this obligation is such that the [defendants] will at all times after the release of said Alice N——, an insane person, hold and save the state of New York harmless by reason of the release of the said Alice N—— from hospital, and if they fail therein then this obligation to be of full force and virtue, and otherwise to be null and void." That after the release of such insane person, and on May 31, 1911, the said insane person threw sulphuric acid on the plaintiff, to her injury and damage in the sum of $5,000. That such damages have been demanded of the defendants, that they have not been paid, and that by an order of this court, entered March 27, 1912, permission was given the plaintiff to maintain an action in her own name for a breach of the conditions of such bond.

The defendants demur to the complaint, upon the ground that the same does not state a cause of action. By the terms of section 814 of the Code of Civil Procedure, where an undertaking has been given as prescribed by law, in the course of a special proceeding, to the people, for the benefit of a party or other person interested, the party or other person so interested may prosecute an action in his own name for a breach thereof upon obtaining an order granting leave so to do. By section 94 of the Insanity Law it is provided that when the superintendent of a state hospital is unwilling to certify to the discharge of an unrecovered patient upon request, and so certifies in writing, giving his reasons therefor, any judge of a court of record in the judicial district in which the hospital is situated may, upon such certificate and an opportunity of a hearing thereon being accorded the superintendent, and upon such other proofs as may be produced before him, direct by order the discharge of such patient, upon such security to the people of the state as he may require for the good behavior and maintenance of the patient. It is not believed that there is any other authority for requiring the giving of a bond upon the release of an uncured patient from a state hospital for the insane.

The complaint alleges that as a condition of the release of the patient a bond was required. Under this simple allegation the various acts and conditions prerequisite to the requirement of the giving of a bond could not be proved. The fact that the superintendent certified in writing his unwillingness to discharge the patient is a condition precedent. It must exist before a judge has any jurisdiction or power to make an order directing a discharge upon giving security. It cannot be proved without being pleaded. It is an issuable fact that must be established as part of plaintiff's cause of action, without which there could be no bond required. The allegation that a bond was required

would be established by introducing in evidence the order of the judge directing the same, but it would not be a bond given as prescribed by law in the course of a special proceeding. It would only become such when the essential prerequisites to the granting of the order were proved. One of the important items of the plaintiff's cause of action is that the bond sued upon is an undertaking given as prescribed by law. Her complaint simply alleges that it was required. The plaintiff must prove a legally required bond. She makes no such allegation. She alleges no fact upon which a finding could be made that it is an undertaking given as prescribed by law.

The plaintiff's alleged cause of action is upon a bond given to hold the state harmless. There is no statutory authority for the requiring or the giving of such a bond upon the release of an insane patient. The statute is that under certain circumstances security may be required for the good behavior of the patient. No such bond is alleged to have been required. No such bond is alleged to have been given. The complaint does not allege that the plaintiff has any beneficial interest in the bond sued upon.

It is thus seen that the complaint does not state a cause of action. Demurrer sustained, with leave to plaintiff to plead over, upon paying taxable costs.

Judgment accordingly.